IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC, § § § Plaintiff, § § vs. § § TELETRAC, INC., DIGI INTERNATIONAL, § WEBTECH WIRELESS, INC., § WEBTECH WIRELESS (USA), INC., and § MIX TELEMATICS NORTH AMERICA, § § Defendants. | CIVIL ACTION NO. _____ **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff INNOVATIVE GLOBAL SYSTEMS, LLC files its Original Complaint against Defendants TELETRAC, INC., DIGI INTERNATIONAL, WEBTECH WIRELESS, INC., WEBTECH WIRELESS (USA) INC., and MIX TELEMATICS NORTH AMERICA alleging as follows:

### I. THE PARTIES

1. Plaintiff INNOVATIVE GLOBAL SYSTEMS, LLC ("IGS") is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business in Rock Hill, South Carolina.

2. Upon information and belief, TELETRAC, INC. ("Teletrac") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Garden Grove, California. Teletrac can be served with process through its registered agent National Registered Agents, Inc. at 16055 Space Center, Suite 235, Houston, Texas 77062.

1

3.      Upon information and belief, DIGI INTERNATIONAL ("Digi") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in East Minnetonka, Minnesota. Upon information and belief Digi operates a regional office in Austin, Texas and has other contacts with Texas as set forth below. Digi can be served with process through its registered agent CT Corporation Systems at 350 N. St. Paul Street, Dallas, Texas 75201.

4.      Upon information and belief, WEBTECH WIRELESS INC. ("Webtech Canada") is a corporation organized and existing under the laws of Canada, with a principal place of business at 215-4299 Canada Way, Burnaby, British Columbia, Canada V5G 1H3. Webtech Canada engages in business in the State of Texas but, upon information and belief, does not maintain a regular place of business in the State or a designated agent for service of process. Therefore, pursuant to § 17.044 of the Tex. Civ. Prac. & Rem. Code, Webtech Canada has designated the Secretary of State as its agent for service of process and may be served with process through its counsel or by serving the Secretary of State.

5.      Upon information and belief, WEBTECH WIRELESS (USA), INC., ("WebTech USA") is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located in Blaine, Washington. WebTech USA can be served with process through its registered agent Richard W. Harris at 6121 Lakeside Drive, Suite 260, Reno, Nevada 89511.

6.      Upon information and belief, MIX TELEMATICS NORTH AMERICA ("Mix") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located in Grand Prairie, Texas. Mix can be served with process through its registered agent Samuel R. Bonney at 3838 Oak Lawn, Suite 800, Dallas, Texas 75219.

## II. JURISDICTION AND VENUE

7. This is an action for infringement of United States patents. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

8. Upon information and belief, Defendants are each subject to personal jurisdiction by this Court. Defendants have each committed such purposeful acts and/or transactions in the State of Texas that they reasonably knew and/or expected that they could be hailed into a Texas court as a future consequence of such activity. Defendants each either make, use, or sell infringing products within the Eastern District of Texas, or have a continuing presence and the requisite minimum contacts with the Eastern District of Texas such that this venue is a fair and reasonable one. Upon information and belief Defendants have transacted and, at the time of the filing of this Complaint, are continuing to transact business within the Eastern District of Texas.

9. Additionally, upon information and belief, for a number of years Digi has maintained a regional office in Austin, Texas and has had distributors located within the Eastern District selling authorized Digi products resulting in a stream of commerce within the Eastern District. Digi also has a website that can be used for transacting business in the Eastern District. Digi should reasonably expect that such activity could subject it to personal jurisdiction in the Eastern District of Texas.

10. Additionally, IGS makes the following allegations based upon information and belief: Webtech USA is a wholly owned subsidiary of Webtech Canada and acts in concert with Webtech Canada to make, use, or sell infringing products. Webtech USA is subject to personal jurisdiction in the Eastern District of Texas because Webtech Canada is subject to personal jurisdiction here and the two entities are alter egos of one another, at a minimum for jurisdictional purposes. Webtech USA is not a self-sustaining or self-supporting entity, receiving

its funding from Webtech Canada; the two entities have shared officers, shared office locations, and shared contact information; and Webtech USA has no separate operating board of its own. In addition, Webtech USA is subject to personal jurisdiction in the Eastern District of Texas because of the Webtech website: www.webtechwireless.com.  Both companies are listed as contacts on the website and the business activity conducted via the website is attributed to both. The Webtech website is highly interactive, heavily used by customers to obtain contact information, gather information about the Webtech entities and products, and most importantly, by the Webtech entities to continuously service its customers and provide a means to use the Quadrant System being accused here.  This website and its ability to track and monitor logistical information about a trucking fleets can be accessed via the internet in the Eastern District of Texas.  Webtech USA advertises that it has been doing business in Texas in its marketing materials.  Because the Webtech entities do business in the Eastern District of Texas as alter egos of one another and operate www.webtechwireless.com, it is reasonable for both to be called into court here.

11.    For all of these reasons, personal jurisdiction exists as to all Defendants and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III.  PATENTS-IN-SUIT

12.    On August 19, 2003, United States Patent No. 6,608,554 ("the '554 patent") was duly and legally issued for an "Apparatus and Method for Data Communication Between Vehicle and Remote Data Communication Terminal."  A true and correct copy of the '554 patent is attached hereto as Exhibit A and made a part hereof.

13.    On June 25, 2002, United States Patent No. 6,411,203 ("the '203 patent") was duly and legally issued for an "Apparatus and Method for Data Communication Between Heavy

Duty Vehicle and Remote Data Communication Terminal." A true and correct copy of the '203 patent is attached hereto as Exhibit B and made a part hereof.

14. On June 1, 2004 United States Patent No. 6,744,352 ("the '352 patent") was duly and legally issued for a "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." A true and correct copy of the '352 patent is attached hereto as Exhibit C and made a part hereof.

15. On March 21, 2006 United States Patent No. 7,015,800 ("the '800 patent") was duly and legally issued for a "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." A true and correct copy of the '800 patent is attached hereto as Exhibit D and made a part hereof.

16. On November 11, 2008 United States Patent No. 7,449,993 ("the '993 patent") was duly and legally issued for a "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." A true and correct copy of the '993 patent is attached hereto as Exhibit E and made a part hereof.

17. The '554 patent, the '203 patent, the '352 patent, the '800 patent, and the '993 patent are hereinafter referred to collectively as the "Patents-in-Suit."

18. As it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to products used by and sold to vehicle fleets that permit data communication associated with a vehicle to be transmitted between the vehicle and a remote data communication terminal so that various operating characteristics of the vehicle can be used, observed and/or monitored.

## IV.   PATENT INFRINGEMENT

19. IGS is the owner of the Patents-in-Suit with the exclusive right to enforce the Patents-in-Suit against infringers, and collect damages for all relevant times, including the right to prosecute this action. On January 29, 2009 IGS acquired through written assignment all right, title, and interest to the Patents-in-Suit from Vehicle Enhancement Systems, Inc. ("VES").

20. Upon information and belief, Defendants manufacture, make, have made, use, practice, import, provide, supply, distribute, sell, and/or offer for sale products and/or systems that infringe one or more claims of the Patents-in-Suit; and/or Defendants induce and/or contribute to the infringement of one or more of the claims in the Patents-in-Suit by others.

21. Defendant TELETRAC infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy duty trucking industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location. By way of example only, the TELETRAC Fleet Director infringes one or more claims of the Patents-in-Suit.

22. Defendant DIGI infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy duty trucking industry that allow for wireless communication of data associated with a vehicle between the vehicle and

a remote location. By way of example only, the DIGI ConnectPort X5 and ConnectPort X5 Fleet infringe one or more claims of the Patents-in-Suit.

23. Defendants WEBTECH CANADA and WEBTECH USA infringe one or more of the Patents-in-Suit because they manufacture, make, have made, use, practice, import, provide, supply, distribute, sell and/or offer for sale data communication devices for at least the heavy duty trucking industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location. By way of example only, the WEBTECH WIRELESS Quadrant System, including Locator and/or OBD II Gateway, infringes one or more of the claims of the Patents-in-Suit.

24. Defendant MIX infringes one or more of the Patents-in-Suit because manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy duty trucking industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location. By way of example only, the MIX FM Communicator / FM-Web system infringes one or more of the claims of the Patents-in-Suit.

25. IGS and its predecessor VES have marked their products in compliance with 35 U.S.C. § 287.

26. IGS has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to IGS in an amount that adequately compensates IGS for Defendants' respective infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## V. **JURY DEMAND**

IGS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI. **PRAYER FOR RELIEF**

IGS requests that the Court find in its favor and against Defendants, and that the Court grant IGS the following relief:

a. Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b. Judgment that Defendants account for and pay to IGS all damages to and costs incurred by IGS because of Defendants' infringing activities and other conduct complained of herein;

c. That Defendants, their officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the Patents in Suit. In the alternative, if the Court finds that an injunction is not warranted, IGS requests an award of post judgment royalty to compensate for future infringement;

e. That IGS be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award IGS its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

g. That IGS be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: February 17, 2010**  Respectfully submitted,

/s/ Michael T. Cooke
  State Bar No. 04759650
Jonathan T. Suder
  State Bar No. 19463350
Todd I. Blumenfeld
  State Bar No. 24067518

FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
Fax (817) 334-0401
jts@fsclaw.com
mtc@fsclaw.com
blumenfeld@fsclaw.com

Keith A. Rutherford
R. Scott Reese
Sarah R. Cabello
WONG, CABELLO, LUTSCH,
  RUTHERFORD & BRUCCULERI, LLP
20333 SH 249, Suite 600
Houston, TX  77070
(832) 446-2400
Fax (832) 446-2424
krutherford@counselip.com
sreese@counselip.com
scabello@counselip.com

Eric M. Albritton
ERIC M. ALBRITTON, P.C.
P.O. Box 2649
111 West Tyler Street
Longview, TX  75601
(903) 757-8449 x204
Fax (903) 758-7397
ema@emafirm.com

ATTORNEYS FOR PLAINTIFF
INNOVATIVE GLOBAL SYSTEMS, LLC

M:\VES\Teletrac-04\Complaint-FINAL.doc