**In the United States District Court**
**For the Eastern District of Texas**
**Tyler Division**

| | | |
|---|---|---|
| **Innovative Global Systems LLC,** | § | |
| **Plaintiff** | § | |
| | § | **Civil Action: 6:10-cv-00040** |
| **v.** | § | |
| | § | **(Jury Demand)** |
| **Teletrac Inc. and MiX Telematics** | § | |
| **North America Inc.,** | § | **Judge: Leonard E. Davis** |
| **Defendants** | § | |
| | § | |
| | § | |

<u>**Original Answer and Original Counterclaim of**</u>
<u>**MiX Telematics North America Inc.**</u>

MiX Telematics North America Inc. ("MiX") files this Original Answer to the

Original Complaint of Innovative Global Systems LLC, ("IGS") and shows as follows:

<u>**Admissions and Denials**</u>

<u>**I. The Parties**</u>

1.     MiX admits that the allegations of this paragraph are consistent with the online

records available from the South Carolina Secretary of State. MiX is without

knowledge or information sufficient to verify the accuracy of those online

records, and therefore can neither admit nor deny the allegations of this

paragraph.

2.     MiX admits that the allegations of this paragraph are consistent with the online

records available from the Texas Secretary of State. MiX is without knowledge or

information sufficient to verify the accuracy of those online records, and

therefore can neither admit nor deny the allegations of this paragraph.

3.     MiX admits that the allegations of this paragraph are consistent with the online

records available from the Texas Secretary of State. MiX is without knowledge or

information sufficient to verify the accuracy of those online records, and therefore can neither admit nor deny the allegations of this paragraph.

4.     MiX admits that the allegations of this paragraph are consistent with filings available from the Canadian Depository for Securities Ltd. MiX is without knowledge or information sufficient to verify the accuracy of those online records, and therefore can neither admit nor deny the allegations of this paragraph.

5.     MiX admits that the allegations of this paragraph are consistent with the online records available from the Nevada Secretary of State. MiX is without knowledge or information sufficient to verify the accuracy of those online records, and therefore can neither admit nor deny the allegations of this paragraph.

6.     MiX admits that it is a corporation organized and existing under the laws of the State of Texas and that its registered agent Samuel R. Bonney at 3838 Oak Lawn, Suite 800, Dallas, Texas 75219. MiX denies that its principal place of business is in Grand Prairie, Texas.

## II. Jurisdiction and Venue

7.     MiX admits that on its face, IGS's Original Complaint appears to be an action for infringement of United States patents, and further, that U.S. District Courts have exclusive jurisdiction over such actions.

8.     MiX admits that it is subject to the personal jurisdiction of this Court and that as between MiX and IGS, venue in this Court is fair and reasonable. MiX is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore can neither admit nor deny those allegations.

9.      MiX is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore can neither admit nor deny the allegations of this paragraph.

10.     MiX is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore can neither admit nor deny the allegations of this paragraph.

11.     MiX admits that it is subject to the personal jurisdiction of this Court and that as between MiX and IGS, venue in this Court is fair and reasonable. MiX is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore can neither admit nor deny those allegations.

### III. Patents-in-Suit

12.     MiX admits that the USPTO issued U.S. Patent Number 6,608,554, entitled "Apparatus and method for data communication between vehicle and remote data communication terminal," that Exhibit A appears to be a true and correct copy of this patent, and that on its face, it appears that this patent was issued on August 19, 2003. MiX is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore can neither admit nor deny those allegations.

13.     MiX admits that the USPTO issued U.S. Patent Number 6,411,203, entitled "Apparatus and method for data communication between heavy duty vehicle and remote data communication terminal," and that on its face, it appears that this patent was issued on June 25, 2002. MiX denies that Exhibit B is a true and correct copy of this patent, as it fails to include the Certificate of Correction dated

December 3, 2002. MiX is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore can neither admit nor deny those allegations.

14.     MiX admits that the USPTO issued U.S. Patent Number 6,744,352, entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network," and that on its face, it appears that this patent was issued on June 1, 2004. MiX denies that Exhibit C is a true and correct copy of this patent, as it fails to include the Certificate of Correction dated September 14, 2004. MiX is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore can neither admit nor deny those allegations.

15.     MiX admits that the USPTO issued U.S. Patent Number 7,015,800, entitled "System, apparatus and methods for data communication between vehicle and remote data communication terminal, between portions of vehicle and other portions of vehicle, between two or more vehicles, and between vehicle and communications network," that Exhibit D appears to be a true and correct copy of this patent, and that on its face, it appears that this patent was issued on March 21, 2006. MiX is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore can neither admit nor deny those allegations.

16.     MiX admits that the USPTO issued U.S. Patent Number 7,449,993, entitled "System, apparatus and methods for data communication between vehicle and

remote data communication terminal, between portions of vehicle and other portions of vehicle, between two or more vehicles, and between vehicle and communications network," that Exhibit E appears to be a true and correct copy of this patent, and that on its face, it appears that this patent was issued on November 11, 2008. MiX is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore can neither admit nor deny those allegations.

17. This paragraph does not contain allegations that MiX can either admit or deny. To the extent that IGS has chosen to refer to the patents described in ¶¶12-16 as the "Patents-in-Suit," MiX will also refer to those patents as the "Patents-in-Suit."

18. The Patents-in-Suit speak for themselves, and therefore MiX denies the allegations of this paragraph.

## IV. Patent Infringement

19. MiX admits that the assignment records available from the U.S. Patent and Trademark Office indicate an assignment of the Patents-in-Suit to IGS. MiX is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

20. MiX denies the allegations of this paragraph to the extent that they are asserted against MiX. MiX is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

21. MiX is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore can neither admit nor deny the allegations of this paragraph.

22.    MiX is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore can neither admit nor deny the allegations of this paragraph.

23.    MiX is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore can neither admit nor deny the allegations of this paragraph.

24.    MiX denies all allegations of this paragraph.

25.    MiX is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore can neither admit nor deny the allegations of this paragraph.

26.    MiX denies the allegations of this paragraph to the extent that they are asserted against MiX. MiX is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

## Affirmative Defenses

27.    First Affirmative Defense—Invalidity. On information and belief, one or more claims of each of the Patents-in-Suit are invalid under 35 U.S.C. §102, §103, and/or §112.

28.    Second Affirmative Defense—Non-infringement. To the extent that non-infringement is an affirmative defense that must be pleaded under 35 U.S.C. §282, on information and belief MiX does not infringe one or more claims of each of the Patents-in-Suit.

## Attorney Fees

29.    Because of IGS's actions, MiX was compelled to engage the services of a licensed

attorney and has agreed to pay that attorney for legal services rendered in the

preparation and trial of this cause.

30.    The facts and circumstances surrounding the subject of this lawsuit make this an

exceptional case under 35 U.S.C. §285, entitling MiX to recover its attorney fees.

## Original Counter Complaint

## Parties

1.    Counter-Plaintiff MiX Telematics North America Inc. ("MiX"), is a corporation

organized and existing under the laws of the State of Texas, with its principal

place of business located in Boca Raton, Florida.

2.    Counter-Defendant Innovative Global Systems LLC ("IGS"), by information and

belief, is a limited liability company organized and existing under the laws of the

State of South Carolina with its principal place of business in Rock Hill, South

Carolina. IGS has already made an appearance in this lawsuit and no service is

necessary.

## Jurisdiction and Venue

3.    This Court has subject matter jurisdiction to hear this matter under 28 U.S.C.

§1338(a).

4.    This Court has personal jurisdiction over IGS because it has initiated the present

action in the Eastern District of Texas.

5.    Venue is proper in this Court because IGS has brought suit in this District and

because MiX has answered IGS's complaint without denial of IGS's venue-related

allegations.

## Background Allegations

6.      There is now an actual controversy between IGS and MiX in that IGS has filed this lawsuit alleging that MiX has infringed U.S. Patent Number 6,608,554, U.S. Patent Number 6,411,203, U.S. Patent Number 6,744,352, U.S. Patent Number 7,015,800, and U.S. Patent Number 7,449,993.

7.      On information and belief, one or more claims of U.S. Patent Number 6,608,554 are invalid under 35 U.S.C. §102, §103, and/or §112.

8.      On information and belief, one or more claims of U.S. Patent Number 6,411,203 are invalid under 35 U.S.C. §102, §103, and/or §112.

9.      On information and belief, one or more claims of U.S. Patent Number  6,744,352 are invalid under 35 U.S.C. §102, §103, and/or §112.

10.     On information and belief, one or more claims of U.S. Patent Number 7,015,800 are invalid under 35 U.S.C. §102, §103, and/or §112.

11.     On information and belief, one or more claims of U.S. Patent Number 7,449,993 are invalid under 35 U.S.C. §102, §103, and/or §112.

12.     On information and belief MiX does not infringe one or more claims of U.S. Patent Number 6,608,554.

13.     On information and belief MiX does not infringe one or more claims of U.S. Patent Number 6,411,203.

14.     On information and belief MiX does not infringe one or more claims of U.S. Patent Number 6,744,352.

15.     On information and belief MiX does not infringe one or more claims of U.S. Patent Number 7,015,800.

16.     On information and belief MiX does not infringe one or more claims of U.S. Patent Number 7,449,993.

## Count One—Declaratory Judgment—Non-Infringement

17.     Pursuant to 28 U.S.C. §§2201-2202, and for the reasons as set forth in ¶¶6-16 *supra*, is entitled to a judgment declaring that U.S. Patent Number 6,608,554 is not infringed by MiX under any theory of infringement.

18.     Pursuant to 28 U.S.C. §§2201-2202, and for the reasons as set forth in ¶¶6-16 *supra*, is entitled to a judgment declaring that U.S. Patent Number 6,411,203  is not infringed by MiX under any theory of infringement.

19.     Pursuant to 28 U.S.C. §§2201-2202, and for the reasons as set forth in ¶¶6-16 *supra*, is entitled to a judgment declaring that U.S. Patent Number 6,744,352 is not infringed by MiX under any theory of infringement.

20.     Pursuant to 28 U.S.C. §§2201-2202, and for the reasons as set forth in ¶¶6-16 *supra*, is entitled to a judgment declaring that U.S. Patent Number 7,015,800 is not infringed by MiX under any theory of infringement.

21.     Pursuant to 28 U.S.C. §§2201-2202, and for the reasons as set forth in ¶¶6-16 *supra*, is entitled to a judgment declaring that U.S. Patent Number 7,449,993  is not infringed by MiX under any theory of infringement.

## Count Two—Declaratory Judgment—Invalidity

22.     Pursuant to 28 U.S.C. §§2201-2202, and for the reasons as set forth in ¶¶6-16 *supra*, MiX is entitled to a judgment declaring that the claims of U.S. Patent Number 6,608,554 are invalid.

23.     Pursuant to 28 U.S.C. §§2201-2202, and for the reasons as set forth in ¶¶6-16 *supra*, MiX is entitled to a judgment declaring that the claims of U.S. Patent Number 6,411,203 are invalid.

24.     Pursuant to 28 U.S.C. §§2201-2202, and for the reasons as set forth in ¶¶6-16 *supra*, MiX is entitled to a judgment declaring that the claims of U.S. Patent Number  6,744,352 are invalid.

25.     Pursuant to 28 U.S.C. §§2201-2202, and for the reasons as set forth in ¶¶6-16 *supra*, MiX is entitled to a judgment declaring that the claims of U.S. Patent Number 7,015,800 are invalid.

26.     Pursuant to 28 U.S.C. §§2201-2202, and for the reasons as set forth in ¶¶6-16 *supra*, MiX is entitled to a judgment declaring that the claims of U.S. Patent Number 7,449,993 are invalid.

## Attorney Fees

27.     In order to bring this counter-complaint, MiX has engaged the services of a licensed attorney and has agreed to pay that attorney for legal services rendered in the preparation and trial of this cause.

28.     The facts and circumstances surrounding the subject of this lawsuit make this an exceptional case under 35 U.S.C. §285, entitling MiX to recover its attorney fees.

## Jury Demand

29.     MiX respectfully requests a jury trial on all applicable issues, including but not limited to IGS's claims and the affirmative defenses and counterclaims of MiX.

## Request for Relief

MiX requests judgment of the Court as follows:

a.      Award IGS nothing.

b.      Award MiX all reasonable and necessary costs and attorney fees as provided by law.

c.      Declare that MiX does not infringe U.S. Patent Number 6,608,554.

d.      Declare that MiX does not infringe U.S. Patent Number 6,411,203.

e.      Declare that MiX does not infringe U.S. Patent Number 6,744,352.

f.      Declare that MiX does not infringe U.S. Patent Number 7,015,800.

g.      Declare that MiX does not infringe U.S. Patent Number 7,449,993.

h.      Declare that the claims of U.S. Patent Number 6,608,554 are invalid.

i.      Declare that the claims of U.S. Patent Number 6,411,203 are invalid.

j.      Declare that the claims of U.S. Patent Number  6,744,352 are invalid.

k.      Declare that the claims of U.S. Patent Number 7,015,800 are invalid.

l.      Declare that the claims of U.S. Patent Number 7,449,993 are invalid.

m.      Award MiX such other and further relief to which it may be justly entitled.

Respectfully submitted,

/s/ William D. Cramer
William D. Cramer
Texas State Bar Number 00790527
Dykema Gossett PLLC
1717 Main Street, Suite 4000
Dallas, Texas 75201
214-462-6400
214-462-6401 (fax)
wcramer@dykema.com
Attorney for MiX

## Certificate of Service

I certify that on this day, pursuant to LOC. R. CIV. P. CV-5, I filed or caused to be filed, a true and correct copy of this instrument, giving service of this instrument to the following counsel, all of whom have consented to electronic service:

| | |
|---|---|
| Michael T. Cooke<br>Jonathan T Suder<br>Todd Ian Blumenfeld<br>Friedman Suder & Cooke<br>604 East Fourth Street, Suite 200<br>Fort Worth, Texas 76102<br><br>Eric M. Albritton<br>Albritton Law Firm<br>PO Box 2649<br>Longview, Texas 75606<br><br>Keith Alan Rutherford<br>Raymond Scott Reese<br>Wong Cabello Lutsch, Rutherford &<br>Brucculeri<br>20333 SH 249, Ste 600<br>Houston, Texas 77070<br><br>Sarah Cabello<br>Wong Cabello Lutsch Rutherford &<br>Brucculeri LLP<br>540 Cowper Street, Suite 100<br>Palto Alto, California 94301<br><br>Attorneys for Planitiff IGS | Alfred N. Goodman<br>Paul H Nguyen-Ba<br>Rajiv Shah<br>Stanislav Torgovitsky<br>Roylance Abrams Berdo & Goodman<br>1300 19th Street, NW Suite 600<br>Washington, DC 20036-9076<br><br>Allen Franklin Gardner<br>Michael E Jones<br>Potter Minton PC<br>110 North College, Suite 500<br>PO Box 359<br>Tyler, Texas 75710-0359<br><br>Attorney for Defendant Teletrac Inc. |

/s/ William D. Cramer      06/29/2010
William D. Cramer            Date